UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | |
| DALLAS JONES, | ) | CAUSE NO. 1:14-CR-00136-SEB-DML |
| *Defendant.* | ) ) ) | |

**AMENDED PLEA AGREEMENT**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Matthew J. Rinka, Assistant United States Attorney, and the defendant, DALLAS JONES, in person and by counsel, William H. Dazey, Jr., hereby inform the Court that a Plea Agreement has been reached in this cause pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The following are its terms and conditions:

1. DALLAS JONES agrees to plead guilty to Count 1 of the Indictment. Count 1 charges DALLAS JONES with being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1).

2. DALLAS JONES understands that the conduct charged in Count 1 is punishable by a term of imprisonment of up to 10 years, up to 3 years supervised release, and a fine of up to $250,000. The elements of a violation of 18 U.S.C. §922(g)(1) are that: (1) the defendant had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year; (2) the defendant knowingly possessed the firearm on the date charged; and (3) the firearm had travelled in interstate commerce prior to defendant's possession of it on the date charged.

**GENERAL PROVISIONS**

3.     DALLAS JONES understands that, should the Court accept this plea agreement, he will be sentenced pursuant to the terms of the plea agreement.   DALLAS JONES understands that this is a plea agreement for a specific sentence pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure.   Pursuant to that rule, the Court may accept or reject the agreement.   If the Court accepts the agreement, the Court must sentence the Defendant as provided in the agreement. If the Court rejects the agreement, the Court is required to inform the parties of this fact, advise the Defendant personally in open court that the Court is not bound by the plea agreement, afford the Defendant the opportunity to withdraw his plea, and advise the Defendant that if he persists in a guilty plea, the disposition of his case may be less favorable than that contemplated by the plea agreement.

The parties agree that the specific sentence in this case should be a term of imprisonment of 48 months, to be followed by a term of supervised release of three (3) years.   The parties further agree that the matter of any fine to be imposed will be left to the discretion of the Court.

4.  To the extent the sentence agreed to in paragraph 3, above, constitutes an upward variance from the advisory U.S. Sentencing Guidelines range calculated by the Court, DALLAS JONES specifically agrees to such upward variance as a condition of this Plea Agreement.

**SPECIFIC PROVISIONS**

5. DALLAS JONES will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. §3013 for Count 1 of the Indictment.

6.     DALLAS JONES agrees that, as of the date of filing the plea agreement, he will provide all requested financial information to the Financial Litigation Unit of the United States

Attorney's Office for the Southern District of Indiana for use in the collection of any fines or restitution imposed by the Court.   DALLAS JONES further agrees that he authorizes the Financial Litigation Unit of the U.S. Attorney's Office to obtain credit reports relating to DALLAS JONES for use in the collection of any fines and restitution imposed by the court.

      7.   DALLAS JONES hereby abandons all right, title, and interest in all firearms and ammunition seized in connection with this matter, including but not limited to one SKS-type, 7.62 x 39 millimeter rifle, bearing serial number 1800618, and sixteen (16) rounds of 7.62 x 39 millimeter ammunition, in order that appropriate disposition, including destruction, may be made thereof by the United States.

## SENTENCING GUIDELINE STIPULATIONS

      8.   Pursuant to §6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.   The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court, and that the Court will determine the advisory sentencing guidelines applicable in this case.   The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.   The 2013 version of the Sentencing Guidelines Manual has been used by the parties to make the stipulations specified below:

      A.   The offense charged in Count 1 of the Indictment is a violation of Title 18, United States Code, Section 922(g)(1).   U.S.S.G. § 2K2.1 (Firearms) applies to this offense.

      B.   The Base Offense Level in this case is 20 because the defendant committed the instant offense subsequent to sustaining one conviction for a crime of violence, namely Attempted Robbery on or about July 7, 2010.   U.S.S.G. § 2K2.1(a).

3

C.  Two (2) levels are subtracted pursuant to U.S.S.G. § 3E1.1(a) because DALLAS JONES timely accepted responsibility for his conduct.  One (1) additional level is subtracted pursuant to U.S.S.G § 3E1.1(b) because DALLAS JONES has assisted the government in the investigation or prosecution of his own conduct by notifying the government of his intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.

### Waiver of Appeal

9.  DALLAS JONES understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right and in exchange for the concessions made by the United States in this Plea Agreement, DALLAS JONES agrees that in the event the Court accepts the Rule 11(c)(1)(C) plea provided for in this agreement and ultimately sentences DALLAS JONES consistent with this agreement, DALLAS JONES expressly waives his right to appeal his conviction and sentence imposed in this case on any ground, including the right to appeal conferred by Title 18, United States Code, Section 3742, as long as the Court accepts the Rule 11(c)(1)(C) plea provided for in this plea agreement and ultimately sentences DALLAS JONES consistent with this agreement. Similarly, DALLAS JONES also waives his right to contest his conviction and sentence, including the manner in which it was determined, in any post-conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, Section 2255, as long as the Court accepts the Rule 11(c)(1)(C) plea provided for in this plea agreement and ultimately sentences DALLAS JONES consistent with this agreement.   Such 28 U.S.C. § 2255 waiver does not encompass claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.   This waiver of appeal does specifically includes all provisions of the

sentence imposed in this case, including the guilty plea, sentencing, terms of the supervised release and the amount of any restitution, fine, or forfeiture.

10. DALLAS JONES understands that the obligations of the government in this Plea Agreement are expressly contingent upon his abiding by federal and state laws.

11. DALLAS JONES acknowledges and agrees that nothing in this agreement shall protect him in any way from prosecution for any offense not specifically covered by this agreement.

12. Nothing in this agreement shall protect DALLAS JONES in any way from prosecution for any offense committed after the date of this agreement.

## FACTUAL STIPULATION

13. The United States of America and the defendant, DALLAS JONES, stipulate and agree that the following statement of facts accurately summarizes DALLAS JONES's conduct in this case and need not be proven at the time of plea or sentencing:

   A. On April 30, 2014, Indianapolis Metropolitan Police Department ("IMPD") officers executed a search warrant at DALLAS JONES's residence located at 2755 North Dearborn, Indianapolis, Indiana. During the course of the search of the residence, officers discovered an SKS type, 7.62 x 39 millimeter rifle on a shelf in a locked bedroom of the residence.

   B. After being advised of his rights in accordance with *Miranda v. Arizona*, DALLAS JONES admitted to IMPD that he was aware there was a rifle on a shelf in the locked bedroom of the residence and that he had handled that weapon recently.

   C. Prior to April 30, 2014, DALLAS JONES had sustained several felony convictions, including: namely Attempted Robbery on or about July 7, 2010, and Resisting Law

Enforcement on or about February 25, 2009.   DALLAS JONES was on parole from the Indiana Department of Corrections on April 30, 2014.

        D.      Experts with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") have examined all of the 7.62x39 millimeter rifle located in the search of DALLAS JONES's residence and determined that said rifle is capable of expelling a projectile by action of an explosive.   ATF experts have also determined that the rifle was not manufactured in the State of Indiana, and, therefore, had traveled in interstate commerce prior to DALLAS JONES's possession of said rifle on April 30, 2014.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## FINAL PROVISION

14. DALLAS JONES acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce DALLAS JONES to plead guilty. This document is the complete and only plea agreement between DALLAS JONES and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

10-26-15
DATE

Matthew J. Rinka
Assistant United States Attorney

10-26-15
DATE

Winfield Ong
Chief, Criminal Division

10-18-15
DATE

DALLAS JONES
Defendant

10-18-15
DATE

William H. Dazey, Jr.
Attorney for Defendant

## STATEMENT OF THE DEFENDANT

I have read the entire Plea agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

I understand that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.   If I have not waived my right to appeal, I understand that I must file a notice of Appeal within 14 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

10-18-15
Date

DALLAS JONES
Defendant